## UNITED STATE DISTRICT COURT
## DISTRICT OF MAINE

### CIVIL ACTION NO:

U.S. Bank National Association, as
Trustee, on behalf of the holders of the
Structured Asset Investment Loan Trust
Mortgage Pass-Through Certificates,
Series 2006-3

|  |  |
|---|---|
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE: 144 Hurlin Smith Road**<br>**Buxton, ME 04093** |
| Janet C. Johnson and Peter R. Johnson | |
| **Defendants** | **Mortgage:**<br>**December 21, 2005**<br>**Book 14725, Page 575** |

NOW COMES the Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders

of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, by and

through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendants,

Argent Mortgage Company, LLC as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because

the Plaintiff and the Defendants are citizens of different states and the matter in controversy

exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive

of interest and costs.  Any Court of the United States upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is an Adjustable Rate Note executed under seal currently owned and held by U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, in which the Defendants, are the obligor and the total amount owed under the terms of the Note is in excess of One Hundred Fifty Six Thousand Six Hundred Dollars and 00/100 ($156,600.00), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.      Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.      U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 3815 South West Temple, Salt Lake city, UT 84165

5.      The Defendant Janet C. Johnson, is a resident of Buxton, County of York and State of Maine.

6.      The Defendant, Peter R. Johnson, is a resident of Buxton, County of York and State of Maine.

## FACTS

7.      On September 26, 1986, by virtue of a Warranty Deed from Gene A. Johnson and Barbara M. Johnson, which is recorded in the York County Registry of Deeds in **Book 4019, Page 137,** the property situated at 144 Hurlin Smith Road, Buxton, County of York, and State of Maine, was conveyed to the Defendants, being more particularly described by the attached legal

description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8.     On December 21, 2005, the Defendants executed and delivered to Argent Mortgage Company, LLC a certain Adjustable Rate Note in the amount of $156,600.00 (hereinafter referred to as the "Note").  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9.     To secure said Note, on December 21, 2005, the Defendants executed a Mortgage Deed in favor of Argent Mortgage Company, LLC, securing the property located at 144 Hurlin Smith Road, Buxton, ME 04093, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14725, Page 575** (hereinafter referred to as the "Mortgage").  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10.    The Mortgage was then assigned to the Plaintiff by virtue of an Assignment of Mortgage dated December 29, 2005 and recorded in the York County Registry of Deeds in **Book 15272, Page 450** (hereinafter referred to as the "Assignment"), as corrected by a Corrective Assignment of Mortgage dated December 29, 2005 and recorded in the York County Registry of Deeds in **Book 15472, Page 240** (hereinafter referred to as the "Corrective Assignment").  *See* Exhibits De and E (true and correct copies of the Assignment and Corrective Assignment are attached hereto and incorporated herein).

11.    On December 17, 2013, the Defendants executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $241,406.05 (hereinafter referred to as the "Load Modification").  *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

12.    On August 24, 2015, the Defendants were sent a Notice of Mortgagor's Right to cure, which was returned "unclaimed" on or about September 21, 2015 (hereinafter referred to as the

"Demand Letter").  *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13.    The Demand Letter informed the Defendants of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which was no more than thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit G.

14.    The Defendants failed to cure the default prior to the expiration of the Demand Letter.

15.    U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 is the present holder of the Note pursuant to possession of the Note in conformity with Title 11, M.R.S. sec 3-1201, et seq., 10 M.R.S. sec. 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16.    U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 is the lawful holder and owner of the Note and Mortgage.

17.    The total debt owed under the Note and Mortgage as of July 6, 2016, if no payments are made, is Two Hundred Sixty Three Thousand Four Hundred Seventy Three  and 93/100 Dollars, which includes: unpaid principal in the amount of Two Hundred Forty Thousand, Four Hundred Seventy One and 06/100 ($240,471.06) Dollars; interest in the amount of Fifteen Thousand Eight Hundred and 96/100 ($15,800.96) Dollars; escrow advance in the amount of Five Thousand Eight Hundred Fifty Three Dollars and 42/100 dollars; total fees in the amount of Thirty-One and 17/100 ($31.17) dollars; recoverable balance in the amount of One Thousand Three Hundred Seventeen and 32/100 Dollars.

18.    Upon information and belief, the Defendants are presently in possession of the subject property originally secured by the Mortgage.

19.    As such, the title to the Janet C. Johnson and Peter R. Johnson Mortgage and the subject property should be quieted in the name of U.S. Bank National Association, as trustee, on

behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 as mortgagee.

## COUNT 1 - FORECLOSURE

20. U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 144 Hurlin Smith Road, Buxton, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, sec. 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff has the right to foreclose upon the subject property.

23. U.S. Bank National Association, as trustee, on behalf of the Holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendants, Janet C. Johnson and Peter R. Johnson, are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2014, and all subsequent payments, and therefore, have breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of July 6, 2016, is Two Hundred Sixty Three Thousand Four Hundred Seventy Three  and 93/100 Dollars, which includes: unpaid principal in the amount of Two Hundred Forty Thousand, Four Hundred Seventy One and 06/100 ($240,471.06) Dollars; interest in the amount of Fifteen Thousand Eight Hundred and 96/100 ($15,800.96) Dollars; escrow advance in the amount of Five Thousand Eight Hundred

Fifty Three Dollars and 42/100 dollars; total fees in the amount of Thirty-One and 17/100 ($31.17) dollars; recoverable balance in the amount of One Thousand Three Hundred Seventeen and 32/100 Dollars.

26.   The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27.   By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28.   Notice in conformity with 14.M.S.S.A. sec. 6111, was sent to the Defendants on August 24, 2015, and was returned "undelivered" on or about September 21, 2015.  *See* Exhibit G.

29.   The Defendants are note in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

30.   U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31.   On December 21, 2005, the Defendants executed and delivered Argent Mortgage Company, LLC a certain Note in the amount of $156,600.00. *See* Exhibit B

32.   The Defendants, Janet C. Johnson and Peter R. Johnson, are in default under the terms of the Note for failure to properly tender the September 1, 2014, payment and all subsequent payments.  *See* Exhibit G.

33.   U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

34.     The Defendants, Janet C. Johnson and Peter R. Johnson, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and Mortgage.

35.     The Defendants' breach is knowing, willful and continuing.

36.     The Defendants, Janet C. Johnson and Peter R. Johnson's has caused the Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

37.     The total debt owed under the Note and Mortgage as of July 6, 2016, is Two Hundred Sixty Three Thousand Four Hundred Seventy Three  and 93/100 Dollars, which includes: unpaid principal in the amount of Two Hundred Forty Thousand, Four Hundred Seventy One and 06/100 ($240,471.06) Dollars; interest in the amount of Fifteen Thousand Eight Hundred and 96/100 ($15,800.96) Dollars; escrow advance in the amount of Five Thousand Eight Hundred Fifty Three Dollars and 42/100 dollars; total fees in the amount of Thirty-One and 17/100 ($31.17) dollars; recoverable balance in the amount of One Thousand Three Hundred Seventeen and 32/100 Dollars.

38.     Injustice can only be avoided by awarding damages for the total amount owed under the Note, including interest, plus costs and expenses, including attorney fees.

<u>COUNT III – BREACH OF CONTRACT,<br>MONEY HAD AND RECEIVED</u>

39.     U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40.    By executing, under seal, and delivering the Note, the Defendants, Janet C. Johnson and Peter R. Johnson entered into a written contract with Argent Mortgage Company, LLC, who agreed to loan the amount of $156,600.00 to the Defendants. *See* Exhibit B.

41.    U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 is the proper holder of Note and successor in interest to Argent Mortgage Company, LLC and has performed its obligations under the Note and Mortgage.

42.    The Defendants Janet C. Johnson and Peter R. Johnson by failing to properly tender the September 1, 2014, payment and all subsequent payments.  *See* Exhibit G.

43.    U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Janet C. Johnson and Peter R. Johnson.

44.    The Defendants, Janet C. Johnson and Peter R. Johnson, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

45.    The Defendants, Janet C. Johnson and Peter R. Johnson, are indebted to U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 in the sum of Two Hundred Sixty Three Thousand, Four Hundred Seventy-Three and 93/100 (263,473.93) Dollars, for money lent by the Plaintiff to the Defendants.

46.    The Defendants, Janet C. Johnson and Peter R. Johnson's breach is knowing, willful and continuing.

47.    The Defendants, Janet C. Johnson and Peter R. Johnson's breach has caused U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan

Trust Mortgage Pass-Through Certificates, Series 2006-3 to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of July 6, 2016, is Two Hundred Sixty Three Thousand Four Hundred Seventy Three and 93/100 Dollars, which includes: unpaid principal in the amount of Two Hundred Forty Thousand, Four Hundred Seventy One and 06/100 ($240,471.06) Dollars; interest in the amount of Fifteen Thousand Eight Hundred and 96/100 ($15,800.96) Dollars; escrow advance in the amount of Five Thousand Eight Hundred Fifty Three Dollars and 42/100 dollars; total fees in the amount of Thirty-One and 17/100 ($31.17) dollars; recoverable balance in the amount of One Thousand Three Hundred Seventeen and 32/100 Dollars.

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

50. U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. Argent Mortgage Company, LLC, predecessor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, loaned the Defendants, Janet C. Johnson and Peter R. Johnson $156,600.00. *See* Exhibit B.

52. The Defendants, Janet C. Johnson and Peter R. Johnson are in default under the terms of the Note and Mortgage by failing to property tender the September 1, 2014 payment and all subsequent payments. *See* Exhibit G.

53.     As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3.

54.     As such, the Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

55.     U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56.     Argent Mortgage Company, LLC, predecessor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, loaned the Defendants, Janet C. Johnson and Peter R. Johnson $156,600.00.  *See* Exhibit B.

57.     The Defendants, Janet C. Johnson and Peter R. Johnson have failed to repay the loan obligation under the terms of the Note and Mortgage.

58.     As a result, the Defendants, Janet C. Johnson and Peter R. Johnson, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, as successor-in-interest to Argent Mortgage Company, LLC, by having received the aforesaid benefits and money and not repaying said benefits and money.

59.    As such, the Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, prays this Honorable Court:

a)    Issue a judgment of foreclosure in conformity with Maine Title 14 sec. 6322;

b)    Grant possession to the property upon expiration of the period of redemption;

c)    Find that the Defendants are in breach of the Note by failing to make the payment date of September 1, 2014, and all subsequent payments'

d)    Find that the Defendants are in breach of the Mortgage by failing to make the payment due September 1, 2014, and all subsequent payments;

e)    Find that the Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)    Find that the Defendants are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due September 1, 2014, and all subsequent payments;

g)    Find that the Plaintiff is entitled to enforce the terms and conditions of the Note and Mortgage;

h)    Find that by virtue of the Note and Mortgage, the Defendants have been unjustly enriched at the Plaintiff's expense;

i)    Find that such unjust enrichment entitles Plaintiff to restitution;

j)    Find that the Defendants are liable to the Plaintiff for monies had and received;

k)    Find that the Defendants are liable to the Plaintiff for quantum meruit;

l)   Find that the Defendants have appreciated and retained the benefit of the Mortgage;

m)  Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n)   Find that the Plaintiff is entitled to restitution for this benefit from the Defendants;

o)   Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)   Additionally, issue a money judgment against the Defendants in favor of U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, in the amount of Two Hundred Sixty Three Thousand, Four Hundred Seventy Three and 93/100 (263,473.93) Dollars, the total debt owed under the Note plus interest and costs, including attorney's fees and costs; and

q)   For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank National Association, as trustee, on behalf of the holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3
By its attorneys,

Dated: July 15, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
(978) 921-2670
Tel. (978) 921-2670